(Supreme Court, Appellate Division, First Department. July 7, 1911.)

WILLS (§ 548*)—CONSTRUCTION—DEATH OF RESIDUARY LEGATEE.

> Testatrix bequeathed the residue of her estate in trust to set apart enough to produce an annual income of $1,200 for E. for life, and, on her death, the principal to become a part of the residuary estate. Testatrix also directed that the balance of the residue should be divided into 11 parts to go to 11 beneficiaries named in the sixth clause of the will, and then provided that, if any of the beneficiaries predeceased testatrix, then the 11 shares should be reduced in number to the number of beneficiaries as survived her, "to the extent of said deceased beneficiary's interest." In the eighth clause she provided that, on the death of any of the beneficiaries of the income of her residuary estate, a share of the principal of the trust estate equal to the share of which such beneficiary so dying had annually received from the income thereof should be paid to such person or persons as the beneficiary so dying bequeathed the same by will duly probated, and, in default of such designation, then to the heirs and next of kin of the deceased beneficiary. *Held* that, where one of 11 beneficiaries predeceased testatrix, the share of such deceased beneficiary should be added proportionately to the interest of the surviving beneficiaries, and that testatrix as to such share did not die intestate.

> [Ed. Note.—For other cases, see Wills, Dec. Dig. § 548.*]

Appeal from Surrogate's Court, New York County.

Judicial settlement of the account of Joaquin A. Lawrence and others, as administrators with the will annexed of Ines E. Angarica.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

From a decree construing the will and settling the accounts, Andres M. Companioni appeals.    Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Nicholas W. Hacker, for appellants.

LAUGHLIN, J.   The only provisions of the decree brought in question by the appeal are those relating to one one-eleventh interest in the residuary estate which the testatrix attempted to devise and bequeath to Abraham Lawrence and Espinosa, who predeceased the testatrix, unmarried and without issue.   The learned surrogate decided that as to this interest the testatrix died intestate.   The appellants contend that it remained part of the residuary estate and was added in equal proportions to the other 10 residuary interests.   The testatrix, after directing the payment of her debts and funeral expenses and making certain bequests, by the sixth clause of her will provided as follows:

"I give, devise and bequeath to my executors hereinafter named all the rest, residue and remainder of my estate, both real and personal, of every kind and nature whatsoever and wherever situated, in trust nevertheless for the following uses and purposes, to wit:

"1. To set apart a sufficient portion of my estate as will in their judgment produce an annual income of one thousand two hundred dollars, as a separate trust for the benefit of my sister Tomasa A. Espinosa, widow of James W. Lawrence, the said income to be paid to her in monthly installments, during the term of her natural life, and upon her death I direct that the principal of said trust fund shall become part of my residuary estate."

The only other provisions of the will essential to a decision of the clause under construction are the seventh and eighth paragraphs which are as follows:

"Seventh. If at the time of my death any of the beneficiaries named in the foregoing Sixth paragraph shall have died, then I will and direct that the said eleven shares into which *my estate is directed to be divided shall be* reduced in number to the number of said beneficiaries as shall have survived me, *and to the extent of said deceased beneficiaries' interest.*

"Eighth. Upon the death of any of the beneficiaries of the income of my said residuary estate, I direct that a share of the principal of said trust estate equal in proportion to the share which such beneficiary so dying has annually received from the income thereof shall be paid to such person or persons to whom such beneficiary so dying shall have bequeathed the same by a last will and testament duly probated; and if such beneficiary so dying shall not have designated by will to whom he or she shall desire the same to be paid, then I will and direct that said share shall be paid to the heirs or next of kin of said deceased beneficiary."

There is some ambiguity in the seventh paragraph of the will, owing to the fact that after directing that in the event of any of the beneficiaries named in the sixth paragraph of the will predeceasing the testatrix she directed that the number of shares into which her estate should be divided should be reduced by the number of beneficiaries so predeceasing her, and then added the clause, "and to the extent of said beneficiaries' interest."

We are of opinion that the proper construction of this paragraph of the will taken as a whole, is that the deceased intended that her entire residuary estate should be divided into as many shares as there were

beneficiaries named in the sixth paragraph of the will who survived her, instead of being divided into eleven shares, as she directed in the event that they all survived her; and it necessarily follows if this be so, that the share which would have otherwise gone to the deceased beneficiary is added proportionately to the interest of the surviving beneficiaries. If she did not intend to dispose of any eleventh residuary interest in the event that the beneficiary predeceased her, there would be no occasion for the direction for the reduction of the number of shares into which her residuary estate should be divided. The practical effect of the decree as made by the surrogate is to divide the residuary estate into eleven shares, and to give each beneficiary who survived the testatrix one-eleventh, and to give the next of kin and heirs of the testatrix the remaining one-eleventh as intestate property upon the theory that the testatrix intended to exclude it from the operation of her will. That theory involves two divisions of the residuary estate. It would have to be divided into 11 parts first, and then, after deducting such of those parts as were intended for beneficiaries who had died, the remainder would have to be divided into as many parts as there were surviving beneficiaries; but, as already stated, the second division thus directed on that theory would be unnecessary for the desired result would have been already accomplished by the original division into elevenths. Our construction is, we think, emphasized and enforced by the provisions of the eighth paragraph of the will, wherein she gives to each beneficiary a power of appointment with respect to the principal of the residuary estate on which such beneficiary has received the income, and in the event of the failure to exercise the same she gives such principal to the heirs and next of kin of such beneficiary; for this shows that she intended by her will to dispose of all of her property.

The decree of the surrogate in so far as appealed from should be reversed, therefore, with costs to the appellants payable out of the estate, and the decree should be modified in accordance with the views. herein expressed. All concur.